## STRICKLAND v. LEGGETT.

(Supreme Court, General Term, First Department. December 16, 1892.)

**1. SALE OF CORPORATE STOCK—BONA FIDE PURCHASERS.**

Defendant executed his note to M., and as collateral transferred to him shares of railroad stock on the company's books. Plaintiff purchased the note and stock from M., and brought suit on the former, whereupon defendant counterclaimed for the value of the stock, alleging that it was transferred with the note, and held by plaintiff as collateral. Plaintiff claimed his purchase of the stock was in good faith, without knowledge of it being given as collateral. *Held*, that the burden was on defendant to show such knowledge by plaintiff.

**2. SAME—EVIDENCE.**

Where the only evidence about the transfer was that of M., who testified that when he sold the stock to the plaintiff nothing was said "upon the subject of collateral," it was not necessary for plaintiff to take the stand and deny notice, the proof being already in his favor.

Appeal from circuit court, New York county.

Action by Erwin Strickland against Richard L. Leggett. From a judgment in favor of plaintiff, entered on a verdict directed at circuit, and from an order denying defendant's motion for a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and BARRETT, JJ.

Charles D. Ridgway, for appellant.

Freling H. Smith, for respondent.

BARRETT, J. This action was upon a promissory note made by the defendant, payable to the order of N. G. Miller & Co., and indorsed to the plaintiff. Miller & Co. received from the defendant 100 shares of a certain railroad company's stock, as collateral security for the payment of the note. These shares were also transferred by Miller & Co. to the plaintiff, and the question which was litigated at circuit was with regard to this latter transfer. There was no defense to the note, but the defendant interposed a counterclaim for the value of the shares. He alleged that the shares were transferred with the note, and that the plaintiff took them just as Miller & Co. held them, namely, as collateral to the note. The plaintiff, on the other hand, claimed that the purchase of the shares was independent of the note, and that he knew nothing at that time about their being collateral. The burden was upon the defendant of establishing his averment; for, previous to the sale to plaintiff, he had transferred the stock into Nathan G. Miller's name upon the books of the company, and thus enabled Miller to give a good title to a purchaser for value. The main question, therefore,

was whether the plaintiff, when he purchased these shares, had notice of the fact that Miller & Co. held them as collateral to the note, or whether he was put upon inquiry. We have examined the record and find no evidence to support the defendant's contention on this head. On the contrary, the only witness who gave any testimony about the transfer (Nathan G. Miller) stated distinctly that when he sold the stock to the plaintiff nothing whatever was said "upon the subject of collateral."

It seems that, after the sale to plaintiff, Miller signed a paper in which he stated that he had sold these securities, and described them as "the notes and collateral of R. L. Leggett;" but this paper was not exhibited to the plaintiff, and his counsel's possession of it upon the trial was fully explained by Miller. It seems that this paper was also produced in obedience to an order for its inspection. That proved that the plaintiff had the paper in his possession when the order was made, but not that he had it at the time of the purchase of the shares. It was clearly shown that Miller had possession of the paper long after the purchase, and that he subsequently delivered it to the plaintiff's attorney. When the plaintiff made the purchase, he had no knowledge of this paper, or notice, direct or indirect, that the stock was collateral. There was no reason why the plaintiff should take the witness stand and deny notice. There was nothing to deny until something was proved, and the defendant rested, not only without proof of notice, but with affirmative proof to the contrary. The judgment and order denying the motion for a new trial should be affirmed, with costs. All concur.